IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | § | |
|---|---|---|
| KI ROSHUN CROWDER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-292-A |
| | § | (NO. 4:13-CR-163-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Ki Roshun Crowder ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, movant's reply, and pertinent parts of the record in Case No. 4:13-CR-163-A, styled "United States of America v. Crowder et al," the court has concluded that such motion should be denied.

I.

Background

On January 9, 2014, movant entered a plea of guilty to distribution of heroin. CR Doc.¹ 43; CR. Doc. 44. Movant's imprisonment range was 324 to 405 months' imprisonment, with a statutory maximum of 240 months' imprisonment, and on April 25, 2014, the court sentenced him to a term of 240 months'

---

¹The "CR Doc. __" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:13-CR-163-A.

imprisonment and three years of supervised release. CR. Doc. 79; CR. Doc. 80. Movant appealed his sentence and the sentence was affirmed. United States v. Crowder, 591 F. App'x 269 (5th Cir. 2016).

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

II.

Grounds of the Motion

Movant asserts one ground in support of his motion. Doc.[2] 1 at 5. The ground as stated by movant, is that "counsel was ineffective for failing to object to the presentence investigation report's total drug quantity findings." Doc. 1 at 5.

III.

Analysis

A. Pertinent Legal Principles

1. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65

---

[2]The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-292-A.

(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

2.  Legal Standard for Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was

3

deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

B.  The Grounds of the Motion are Without Merit

Movant's ineffective assistance of counsel claim alleges that counsel was ineffective because he did not formally object to the presentence report's drug quantity calculations. Doc. 2 at 7-8. While this claim is styled as an ineffective assistance of counsel claim, a motion under § 2255 may not be used to address

4

claims of misapplication of the sentencing guidelines which it appears is movant's main goal. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Even if this is an ineffective assistance of counsel claim, movant's claims are nothing more than conclusory allegations which cannot sustain a claim for ineffective assistance of counsel. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).

Counsel for movant filed a motion for downward variance raising substantially the same issues raised in the movant's motion including the issue of drug quantity based on the "Fort Worth ounce" and the drug quantity attributed to personal use. CR. Doc. 71 at 3-4. Counsel raised these arguments, including using the testimony of an expert witness to support movant's argument, at the sentencing hearing. CR. Doc. 91 at 26-30. Movant contends that this argument should have been raised as objections to the presentence report instead of through a motion for downward variance and that counsel should have done a better job connecting the arguments to the drug quantity attributed to movant. Doc. 2 at 7-9. These arguments do not rise to the high bar of demonstrating ineffective assistance of counsel. See Strickland, 466 U.S. at 689.

Furthermore, movant raised substantially the same argument regarding drug quantity on appeal[3] and "[i]t is settled in this

---

[3] In fact, movant's reply relies heavily on the government's argument on appeal, supporting the
(continued...)

5

Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." <u>United States v. Kalish</u>, 780 F.2d 506, 508 (5th Cir. 1986); <u>United States v. Felts</u>, 583 F. App'x 463, 464 (5th Cir. 2014).

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 3, 2016.

_____
JOHN McBRYDE
United States District Judge

---

³(...continued)
argument that the claims raised here and the claims raised on appeal are virtually the same.

6